FANNIE KIRSHBAUM, petitioner-appellant,

*v.*

IRVING KIRSHBAUM, defendant-respondent.

[Argued February 14th, 1941. Decided May 1st, 1941.]

*Mr. Benjamin M. Ratner,* for the petitioner-appellant.

*Mr. Louis R. Freund,* for the defendant-respondent.

The opinion of the court was delivered by

PORTER, J.

This appeal is from an alimony decree. These parties were married in 1922 and separated in 1927. There were no children born of the marriage. On March 30th, 1932, the petitioner sued the defendant for divorce on the ground of desertion. He did not contest it. A final decree in her favor was entered April 20th, 1933. It contained no provision for alimony. On December 7th, 1934, petitioner filed a petition for alimony and on the same day a decree was entered approving an agreement between the parties for the payment of $1,250 in full and final settlement of alimony.

On March 29th, 1938, petitioner filed a petition alleging that the decree of December 7th, 1934, approving the agreement for alimony had been obtained by fraud and prayed that it be set aside and that permanent alimony be awarded her.

The advisory master concluded that the allegation of fraud had not been proved and on his advice the petition was dismissed by the Chancellor. This court on appeal reversed that decree because the advisory master unduly circumscribed the inquiry to the allegation of fraud and did not give due consideration to the allegation of the destitution of the petitioner and her need for support. *N. J. S. A. 2:50-37.* The cause was remanded for further proceedings and attention was specifically directed to *Parmly* v. *Parmly, 125 N. J. Eq. 545,* which is in point and controlling.

The advisory master in pursuance of our said reversal (*125 N. J. Eq. 558*) again heard the matter to ascertain the needs of the petitioner and the means of the defendant and concluded that she be allowed alimony of $20 per week from the filing of his report December 9th, 1940. An order so advised was entered and is the subject-matter of this appeal.

The petitioner makes two points. First, that the amount awarded is not sufficient nor equitable under all of the facts and, second, that whatever order is made should provide that the payments commence March 29th, 1938, the date the petition was filed, rather than the date of the advisory master's report, December 9th, 1940.

The rule to be followed, as set forth in *Parmly* v. *Parmly, supra,* and cases therein cited, is that the amount a wife who has divorced her husband is entitled to is such sum as shall meet the needs of the wife, considering the means of the divorced husband, as shall be reasonable and just under all the existing circumstances and conditions.

We think that the advisory master erred in basing his conclusion solely on the necessity of the petitioner and giving little or no consideration to the means and station in life of the defendant. She is not in good health and is unable to work and earn as much as she formerly did so we conclude that under all the facts she should have the sum of $35 per week. She has been receiving support *pendente lite* and it

does not seem necessary or reasonable to have the payments commence from the date of the filing of the petition. Payments will be made therefore from the date of the advisory master's report, December 9th, 1940.

The decree will be modified accordingly.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.